1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TOU C. THAO,                              No.  2:20-cv-0049 JAM DB P

12              Petitioner,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   STU SHERMAN,

15              Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Plaintiff alleges he is serving an unauthorized sentence.

19   Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 2) and his

20   petition for screening (ECF No. 1).  For the reasons set forth below the court will recommend that

21   the petition be dismissed.

22                              **IN FORMA PAUPERIS**

23         Petitioner has filed a motion requesting to proceed in forma pauperis.  (ECF No. 2.)

24   Examination of the in forma pauperis application reveals that petitioner is unable to afford the

25   costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28

26   U.S.C. § 1915(a).

27   ////

28   ////

                                          1

1

**SCREENING**

2

**I.      Legal Standards**

3          The court is required to screen all actions brought by prisoners who seek any form of

4     relief, including habeas relief, from a governmental entity or officer or employee of a

5     governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a habeas petition or portion

6     thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis

7     on which habeas relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  This means the court must

8     dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that

9     the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.

10         Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of

11    Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these

12    rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil

13    Procedure, when considering whether a petition presents a claim upon which habeas relief can be

14    granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S.

15    89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer

16    v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

17    those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that

18    '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant

19    habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24

20    F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro

21    se habeas petitioners may not be held to the same technical standards as litigants represented by

22    counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled

23    to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual

24    inferences in the petitioner's favor.").

25         Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1)

26    specify all the grounds for relief available to the petitioner; (2) state the facts supporting each

27    ground; and (3) state the relief requested.  Although, as stated above, pro se petitions receive less

28    scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his

1  claims by stating the factual and legal elements of each claim in a short, plain, and succinct

2  manner.  See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8

3  of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] . . . Rule 2(c)

4  of the Rules Governing Habeas Corpus Cases requires a more detailed statement.").  Allegations

5  in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a

6  statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.

7  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James, 24 F.3d at 26.

8      **II.      Petition is Duplicative**

9      Petitioner challenges his 2011 conviction for assault with a deadly weapon in Sacramento

10  Superior Court Case No. 10F06846.  (ECF No. 1 at 1, 5, 7, 17.)   A review of the court's records[1]

11  indicates that petitioner has a pending case, Thao v. Sherman, No. 2:17-cv-2396 MCE AC P

12  (E.D. Cal.), challenging the same conviction.  Petitioner alleges in both actions that he received

13  an unauthorized sentence.  Because it appears that the instant petition challenges the same

14  conviction on the same basis as petitioner's earlier filed case, the court will recommend that the

15  petition be dismissed as duplicative.

16      **III.    Conclusion**

17      Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma

18  pauperis (ECF No. 2) is granted.

19      IT IS HEREBY RECOMMENDED that the petition (ECF No. 1) be dismissed as

20  duplicative.

21      These findings and recommendations will be submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

23  being served with these findings and recommendations, petitioner may file written objections

24  with the court and serve a copy on all parties. The document should be captioned "Objections to

25  Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file

26

27  [1] A court may take judicial notice of its own record and the records of other courts.  See MGIC
Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d

28  118, 119 (9th Cir. 1980).

1 | objections within the specified time may result in waiver of the right to appeal the district court's

2 | order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 | Dated:  August 10, 2020

_____

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/thao0049.scrn.fr